UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA          )
                                  )
                                  )
                    v.            )  NO. 08-CR-30029-MAP
                                  )
FOTIOS A. GEAS, JR.               )


MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION FOR DISCOVERY
(Dkt. No. 53)

November 30, 2009

PONSOR, D.J.

Defendant has filed a Motion for Discovery (Dkt. No. 53).

Before making rulings on the individual requests contained in

the Motion, some preliminary remarks are necessary to

establish the discovery landscape.

First, discovery in a criminal case in this district is

generally governed by Fed. R. Crim. P. 16 and Rule 116 of the

Local Rules for the United States District Court for the

District of Massachusetts ("L.R. 116").  The purpose of these

rules is to obviate the need for independent discovery

motions.  Defendant's Motion for Discovery does not charge

that the government has failed in its obligations pursuant to

either of these rules.  To the extent that this motion

requests discovery already covered by Rule 16 and L.R. 116, it is superfluous and may be disregarded.

Second, apart from the strictures of the Rules, the government's discovery obligation extends to material falling into three categories: (1) exculpatory and impeachment evidence required by Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and their progeny; (2) evidence tending to show promises, rewards, or inducements made or offered to any witnesses whose testimony will be offered at trial; and (3) witnesses' statements, including grand jury testimony, as required by the Jencks Act, 18 U.S.C. § 3500.  There is no argument that the government has in any way failed in its obligation to provide witness statements, and indeed, the Act technically does not require production of these statements until after the direct testimony of the witness.[1]  See 18 U.S.C. § 3500(a).  Most of the requests set forth in the motion now before the court purport to invoke the government's obligations under Brady and Giglio to provide exculpatory material in various forms

---

[1] The government has informally agreed to provide Jencks material in advance of trial.

including evidence of promises, rewards, or inducements.

Third, Defendant's argument as to a large portion of his requests is unsupported.  At oral argument, counsel suggested that the defense had the right to receive all material in the possession of the government (or in some instances even evidence obtainable by the government, though not actually in its possession), so long as this material could conceivably contain exculpatory or other evidence that the defense was entitled to.  Without access to this corpus of evidence, the argument ran, there was no way that the defense could insure that properly discoverable material was not being negligently or deliberately withheld by the government.

This argument is without merit.  Justice Powell in Pennsylvania v. Ritchie, 480 U.S. 39 (1987), rejected the notion that "whenever a defendant alleges that [undisclosed] evidence might be material, the appropriate method of assessing this claim is to grant full access to the disputed information . . . ."  Id. at 59.  "Defense counsel has no constitutional right to conduct its own search of the State's files to argue relevance." Id. (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ('There is no general constitutional

right to discovery in a criminal case, and <u>Brady</u> did not create one')."

Similarly, it is improper to expect the court to sift through material in the possession of the government to insure that nothing discoverable may turn up.  Unless the defense makes "a particularized and focused request, the district court is not required to troll through voluminous [material] in search of potentially exculpatory evidence." <u>United States v. Caro-Muniz</u>, 406 F.3d 22, 30 (1st Cir. 2005). As the Eighth Circuit has stated, "[a] due process standard which is satisfied by mere speculation would convert <u>Brady</u> into a discovery device and impose an undue burden upon the district court." <u>United States v. Pou</u>, 953 F.2d 363, 366-67 (8th Cir. 1992) (quoting <u>United State v. Navarro</u>, 737 F.2d 625, 631 (7th Cir.).

Turning now to Defendant's specific requests, the court orders as follows:[2]

I.A. The request for the complete cooperating witness files of Emo Gonzalez, Mario Embesi, and Frankie Roche is DENIED.  The request, unsupported by any rule or authority, is

---

[2] The organization below will track the outline submitted by defense counsel.

anchored on the mere speculation that discoverable evidence <u>could</u> be found within the files.  As discussed above, that is not enough.

I.B. The request for prison telephone records of Emo Gonzalez, Mario Embesi, and Frankie Roche is DENIED for the reasons set forth above.

II.A. Information with regard to criminal records, prior bad acts, prosecutions and investigations, probation, parole or supervised release will be disclosed to Defendant with the agreement of the government, on a timetable already established.  The request for such information is therefore DENIED. The request for prison records, including so-called "six part folders" is DENIED for the reasons set forth in connection with item I.A.

II.B.  Because the government has fully satisfied its obligation to provide evidence tending to show promises, rewards or inducements made by the government, this request is DENIED.

II.C.  Because the government has fully satisfied its discovery obligations under the Federal Rules of Criminal Procedure and the Local Rules, and will provide all the

requested information that Defendant is entitled to prior to trial in accordance with a schedule already established, this request is DENIED.

III. The request for information with regard to impeachment material relating to law enforcement personnel is DENIED on the ground that the government already agreed to produce any such material prior to trial on a schedule already established.

IV.1. With regard to the request for information regarding unindicted co-conspirators, this motion is DENIED on the ground that the government has stated that, to the best of the government's knowledge, no unindicted co-conspirators exist.

IV.2. With regard to the preservation of notes, the motion is ALLOWED, with the understanding that the government recognizes that no notes will be destroyed.

IV.3. With regard to the request for information regarding wireless/surveillance evidence, this motion is DENIED on the ground that all this material has been, or will be, produced by the government in accordance with a schedule already established.

IV.4.  With regard to the request for information regarding previous attempts on the life of the victim and information suggesting that others might have wanted to do harm to the victim, this motion is DENIED on the ground it is unnecessary.  The government has already agreed to produce this evidence prior to trial in accordance with a schedule already established.

IV.5.  With regard to the request for grand jury exhibits, this motion is DENIED on the ground no authority has been offered to support it.

It is So Ordered.

MICHAEL A. PONSOR
United States District Judge